# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| HONEYWELL INTERNATIONAL INC. and LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA GROUP INSURANCE, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Life Insurance Company of North America ("LINA"), removes this action from the Circuit Court of Madison County, Illinois, to the U.S. District Court for the Southern District of Illinois. This action falls within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## PLAINTIFF'S COMPLAINT

1.  Plaintiff Thomas Patterson ("Patterson") alleges he was employed as a Superintendent/Planning at Defendant Honeywell International Inc.'s ("Honeywell") facility in Metropolis, Illinois. On June 16, 2016, Plaintiff alleges he was forced to stop working due to a diagnosis of Leukocytoclastic Vasculitis[1] (Cplt. ¶¶1-2). Plaintiff further alleges that Honeywell agreed to pay compensation out of its general assets in the form of short term disability benefits (STD Benefits). (Cplt. ¶3). Plaintiff argues that he has incurred the loss of wages for the time

---

[1] A copy of the complaint and all process served in the state court upon defendant is attached as **Exhibit A**.

period of June 16, 2016 through December 16, 2016 on account of his claim for STD Benefits being denied. (Cplt. ¶¶5-6).

2. In Count I, Patterson alleges that Honeywell violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA") by refusing to pay Patterson alleged wages in the form of STD benefits pursuant to Patterson's purported employment agreement. (Cplt. ¶11).

3. In Count II, Patterson alleges LINA tortuously interfered with his purported employment contract when LINA denied Patterson's STD Benefits claim. Patterson claims that the denial induced a breach of the purported employment agreement between Honeywell and Patterson that provided for wages in the form of STD Benefits. (Cplt. ¶¶16-17).

4. In Count I, Patterson requests an award of back pay and unpaid wages, prejudgment interest pursuant to the IWPCA, statutory damages pursuant to the IWPCA, attorneys' fees, and additional relief. In Count II, Patterson requests payment of lost wages in the form of STD benefits, prejudgment interest pursuant to the IWPCA, attorneys' fees, and additional relief. (*See* Cts. I-II prayers for relief.)

## **DIVERSITY JURISDICTION**

5. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States…" 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Both elements are met here.

### Diversity of Citizenship

6. For purposes of diversity jurisdiction, a corporation "shall be deemed ... a citizen of every [s]tate ... by which it has been incorporated and of the [s]tate ... where it has its principal

place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters...." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

7. Under these rules, the parties have completely diverse citizenship. Defendant LINA is deemed a citizen of the State of Pennsylvania because it is organized under the laws of the State of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania. (*See* records of Illinois Department of Insurance and Pennsylvania Secretary of State attached as **Exhibit B**.) Defendant Honeywell International Inc. is deemed a citizen of Delaware because it is organized under the laws of the state of Delaware and it has a principal place of business in Charlotte, North Carolina (*See* United States Securities and Exchange Commission Form 8-K attached as **Exhibit C**.) Patterson is deemed a citizen of the State of Kentucky because he lives in Kentucky. (*See* redacted Report of Claim attached as **Exhibit D**.)

8. This case satisfies the diversity requirement because the named Defendants' citizenship is diverse from that of Patterson.

**Amount in Controversy**

9. Diversity jurisdiction requires that the amount in controversy, exclusive of interest and costs, exceed $75,000.00. 28 U.S.C. § 1332(a). The proponent of federal jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The "starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value

3

in [its] request for relief." *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997).

10. The face of Patterson's Summons shows that the jurisdictional minimum is met. Patterson is claiming $150,000.00 as the amount at issue in this lawsuit. (See Summons issued to LINA, previously marked as **Exhibit A**, and Summons issued to Honeywell, attached as **Exhibit E.**)

11. In addition to Plaintiff's own admission in his summons that he seeks damages in excess of $75,000, the face of the Complaint indicates that the amount in controversy exceeds $75,000, in that Patterson seeks the amount of his wages over a six-month period, June 16, 2016 through December 16, 2016; plus statutory damages pursuant to 820 Ill. Comp. Stat. 114/14(a), allowing damages of 2% per month since 2016; plus costs and attorney's fees. *See, e.g., Azimi v. Ford Motor Co.*, 977 F. Supp. 847, 851 (N.D. Ill. 1996) (attorneys' fees and punitive damages provided by statute count toward jurisdictional amount).

12. Here, there is no uncertainty, and the parties do not dispute, whether the jurisdictional minimum is met because the face of the Summons demonstrates that the matter in controversy, exclusive of interest and costs, exceeds $75,000.00. The Court therefore has diversity jurisdiction.

**Conclusion**

13. This notice of removal is timely because it is filed within thirty days after LINA's receipt, through service or otherwise, of a copy of the initial pleading and summons. *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344, 354-56 (1999); 28 U.S.C. § 1446(b)(1). LINA received service of the complaint and a document purporting to be a summons on June 15, 2020.

14. Pursuant to 28 U.S.C. § 1446(a), LINA attaches as **Exhibit A** all process, pleadings, and orders served upon it in the state court.

15. Attached as **Exhibit E** is a copy of a summons that was served upon Defendant Honeywell. Honeywell accepted service of the summons on June 22, 2020, and a copy of the attached summons was delivered to Honeywell's registered agent in Illinois on June 26, 2020. Defendant Honeywell joins in the instant removal, pursuant to 28 U.S.C. § 1446(b)(2)(A).

16. Concurrent with the filing of this Notice of Removal, LINA is filing its Notice of Filing Notice of Removal with the Circuit Court of Cook County, Illinois.

Respectfully submitted:

ATTORNEYS FOR DEFENDANT
LIFE INSURANCE COMPANY OF NORTH
AMERICA D/B/A CIGNA GROUP
INSURANCE

HINSHAW & CULBERTSON LLP

/s/ James M. Brodzik
    James M. Brodzik
    One of Its Attorneys

James M. Brodzik, 06311003
jbrodzik@hinshawlaw.com
Hinshaw & Culbertson LLP
521 W. Main St., Suite 300
Belleville, IL 62220
Telephone: 618-277-2400
Facsimile: 618-277-1144

and

ATTORNEYS FOR HONEYWELL INTERNATIONAL INC.

HUSCH BLACKWELL LLP

/s/ Melissa Z. Baris
    Melissa Z. Baris
    One of Its Attorneys

Melissa Z. Baris, IL Bar No. 6271581  
HUSCH BLACKWELL LLP  
190 Carondelet Plaza, Suite 600  
St. Louis, MO 63105-3433  
Direct: 314.480.1901  
Fax: 314.480.1505  
melissa.baris@huschblackwell.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 14, 2020, he filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

Matthew R. Davis  
GALLAGHER DAVIS, LLP  
2333 S. Hanley Road  
St. Louis, MO 63144  
Telephone: 314-725-1780  
Fax: 314-725-0101  
matt@gallagherdavis.com

/s/ James M. Brodzik