UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS PATTERSON,

    Plaintiff,

  v.

LIFE INSURANCE OF NORTH AMERICA d/b/a
CIGNA Group Insurance, and HONEYWELL
INTERNATIONAL INC.,

    Defendants.

Case No. 20-cv-688-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Honeywell International, Inc.'s motion to dismiss Count I of this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 21). Count I attempts to plead a claim under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, for the failure to pay short term disability ("STD") benefits. Plaintiff Thomas Patterson has responded to the motion (Doc. 24), and Honeywell has replied to that response (Doc. 28).[1]

This case arose after Patterson, an employee of Honeywell at the time, suffered a debilitating health problem in 2016. He stopped working and applied for STD benefits through the STD plan offered by Honeywell to its employees. The STD plan was administered by the third-party administrator Life Insurance Company of North America d/b/a CIGNA. CIGNA found Patterson's impairments did not amount to a disability under the STD plan. Consequently, Patterson was denied STD benefits from June to December 2016.

---

[1] The Court notes that Honeywell's reply brief exceeds the five-page limit set in Local Rule 7.1(c). In the future, the Court will disregard all excess pages if a party files an overly long brief without leave of Court.

Patterson filed this lawsuit claiming that Honeywell owed him STD benefits as part of his wages as defined by the IWPCA, and that the failure to pay those benefits amounted to a violation of the IWPCA.  Honeywell argues the STD benefits do not qualify as "wages" under the statute.

It appears that both parties have missed the forest for the trees—the huge ERISA forest. It looks from the face of the Complaint like the STD benefits in issue are likely payable through an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.  See, e.g., Lacko v. United of Omaha Life Ins. Co.*, 926 F.3d 432, 437 (7th Cir. 2019) (treating claim to STD benefits under ERISA); *Estate of Blanco v. Prudential Ins. Co. of Am.*, 606 F.3d 399, 401 (7th Cir. 2010) (same); *Griffin v. AT&T Umbrella Benefit Plan No 3*, No. 18-C-1804, 2020 WL 1185286, at *5 (E.D. Wis. Mar. 12, 2020) (same); *Bickel v. Liberty Mut. Grp., Inc.*, No. 1:10-CV-232-WTL-DML, 2010 WL 4923035, at *3 (S.D. Ind. Nov. 23, 2010) (same); *Meis v. Liberty Mut. Ins. Co.*, No. 06-C-315-S, 2006 WL 6085581, at *7 (W.D. Wis. Oct. 16, 2006) (same).  Neither party has raised this issue.

ERISA covers both welfare benefit plans and pension benefit plans.  29 U.S.C. § 1002(3); *Massachusetts v. Morash*, 490 U.S. 107, 113 (1989) (citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985)).  The purpose of ERISA is "to safeguard employees from the abuse and mismanagement of funds that had been accumulated to finance various types of employee benefits."  *Morash*, 490 U.S. at 112-13 (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 15 (1987)).  To achieve these goals, "[i]t sets forth reporting and disclosure obligations for plans, imposes a fiduciary standard of care for plan administrators, and establishes schedules for the vesting and accrual of pension benefits."  *Morash*, 490 U.S. at 113.

To achieve uniform nationwide standards for employee benefit plans, ERISA contains a

broad preemption provision that forecloses certain state law claims that "relate to" a plan governed by ERISA:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

ERISA § 514(a) (emphasis added), codified at 29 U.S.C. § 1144(a); *see Ingersoll-Rand v. McClendon*, 498 U.S. 133, 138 (1990); *Shaw v. Delta Airlines*, 463 U.S. 85, 99 (1983).[2] A state law is considered to "relate to" an employee benefit plan if it "has a connection with or reference to such a plan" even if it is not specifically designed to affect the plan, does not have a direct effect on the plan, and is completely consistent with ERISA's substantive requirements. *Ingersoll-Rand*, 498 U.S. at 139 (internal quotations omitted).

While subsequent case law has tightened the interpretation of "relate to," *see De Buono v. NYSA-ILA Med. & Clinical Servs. Fund*, 520 U.S. 806, 814 (1997); *Cal. Div. of Labor Stds. Enforcement v. Dillingham Constr.*, 519 U.S. 316 (1997); *New York Conf. of Blue Cross v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995), it remains clear that "[t]he requisite connection exists under § 514(a) if a law . . . provides alternative enforcement mechanisms" to § 502(a) of ERISA, which contains a comprehensive enforcement scheme and which Congress intended to be the "exclusive vehicle" for actions by plan participants asserting claims for benefits. *Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680, 690-91

---

[2] There are some express exceptions to this broad preemption provision such as, for example, state laws regulating insurance, banking, or securities and generally applicable state criminal laws.  ERISA § 514(b)(2)(A) and (b)(4), codified at 29 U.S.C. § 1144(b)(2)(A) and (b)(4).  Also excluded from ERISA coverage are "payroll practices," which are defined as "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons."  29 C.F.R. § 2510.3-1(b)(2).

(7th Cir. 2003) (citing *Travelers*, 514 U.S. at 658); *see Ingersoll-Rand*, 498 U.S. at 144; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52 (1987).

If, in fact, ERISA preempts Patterson's IWPCA claim for benefits under the STD Plan, the Court would not likely dismiss the claim outright, but simply recharacterize it as an ERISA claim and allow it to proceed. *See, e.g., Meis*, 2006 WL 6085581, at *7. Under ERISA, it would be irrelevant whether the STD benefits qualified as "wages" under the IWPCA; the Court would instead apply ERISA rules governing claims for benefits under an employee welfare benefit plan.

Because Honeywell has not established as a matter of law that Patterson has not stated a claim to STD benefits under ERISA, the Court **DENIES** the motion to dismiss **without prejudice** (Doc. 21) with leave to refile another motion to dismiss within 30 days of the date of this order addressing the ERISA question and any other relevant issues. Should Patterson wish to file an amended pleading to clarify his claim for benefits, the Court would entertain a motion for leave to amend.

**IT IS SO ORDERED.**
**DATED:  October 28, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
