UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS PATTERSON,

    Plaintiff,

  v.

LIFE INSURANCE OF NORTH AMERICA d/b/a CIGNA Group Insurance, and HONEYWELL INTERNATIONAL INC.,

    Defendants.

Case No. 20-cv-688-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendant Honeywell International, Inc.'s motion for reconsideration (Doc. 30) of the Court's October 28, 2020, order (Doc. 29) denying without prejudice its motion to dismiss Count I (Doc. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Count I attempted to plead a claim under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, for the failure to pay plaintiff Thomas Patterson short term disability ("STD") benefits.

    This case arose after Patterson, an employee of Honeywell at the time, suffered a serious health problem in June 2016. He stopped working and applied for STD benefits through the STD plan ("the Plan") offered by Honeywell to its employees. Claims under the Plan were administered by the third-party administrator Life Insurance Company of North America d/b/a CIGNA. CIGNA found Patterson's impairments did not amount to a disability under the Plan. Consequently, Patterson was denied STD benefits from June to December 2016.

    Patterson filed this lawsuit claiming that Honeywell owed him STD benefits as part of his wages under the IWPCA, and that the failure to pay those benefits amounted to a violation of the IWPCA. Honeywell argues the STD benefits were not "wages."

The Court denied Honeywell's motion to dismiss on the grounds that the STD benefits in issue were likely payable through an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Indeed, very often STD benefit plans are covered by ERISA, which preempts state law claims seeking such benefits.  *See* ERISA § 514(a), codified at 29 U.S.C. § 1144(a); *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 138 (1990); *Shaw v. Delta Airlines*, 463 U.S. 85, 99 (1983).  Neither party addressed the ERISA preemption question in the briefing on the motion to dismiss.  The Court denied the motion to dismiss on the grounds that Honeywell had not established as a matter of law that Patterson had not stated a claim to STD benefits under ERISA.

**I.      Motion for Reconsideration**

In the pending motion for reconsideration, Honeywell alerts the Court—and Patterson does not disagree—that *its* STD benefit plan falls into an express exception to ERISA's broad preemption provision for employers' "payroll practices."  Payroll practices are defined as "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons," 29 C.F.R. § 2510.3-1(b)(2).  *See, e.g., DeLon v. Eli Lilly & Co.*, 990 F. Supp. 2d 865, 877-78 (S.D. Ind. 2013) ("illness pay plan" providing up to 18 months of pay to ill employee was a payroll practice not subject to ERISA).  It is this error Honeywell asks the Court to correct.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as "where the court has made an error of apprehension (not of reasoning)." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990).

Here, the Court has clearly misapprehended the nature of Honeywell's STD benefit plan and erroneously treated it as an employee welfare or benefit plan governed by ERISA. To the extent the Court erred, it will reconsider its prior order and, after reconsideration, reverse its conclusion.

## II.    Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where all parties agree on the relevant facts for the purposes of the motion, as it appears they do here, the question become a legal one: Do the facts amount to a viable cause of action?

Here, all parties agree that Patterson applied for STD benefits under the Plan after he

3

became impaired, and they agree on the language of the Plan.[1]  They further agree that CIGNA determined that Patterson was not disabled under the standards set forth in the Plan (although the parties dispute whether this assessment was correct).  Finally, all agree that Patterson was denied STD benefits based on CIGNA's determination.  The only question is whether benefits under the Plan can qualify as wages under the IWPCA under these circumstances, a purely legal question.

Honeywell argues they cannot.  It argues that the Plan benefits are discretionary—like a bonus—rather than guaranteed—like hourly wages, and are not payable under any kind of binding agreement.  Thus, Honeywell argues, they do not count as "earned wages" under the IWPCA and whether they were wrongfully or rightfully denied, they cannot support an IWPCA cause of action.  Patterson, on the other hand, argues that the STD benefits were guaranteed by the Plan's promise to pay certain specific benefits for the 26 weeks after an employee became disabled as defined by the Plan.  He argues that any error by CIGNA about whether he was disabled is an issue of fact to be decided in this litigation, but does not prevent him from stating an IWCPA claim.

A.   IWPCA

In asking whether STD benefits constitute wages under the IWPCA, the best place to start is with the act itself.  It requires an employer to timely and completely pay an employee "all wages earned."  820 ILCS 115/3; *Byung Moo Soh v. Target Mktg. Sys., Inc.*, 817 N.E.2d 1105,

---

[1] The defendant's motion to dismiss refers to matters outside the pleadings, namely, the Plan. Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration.  *See* Fed. R. Civ. P. 12(d).  There is an exception to this rule, however, when the additional material is something the complaint "refers to and rests on" but does not attach, as long as there is no question of the authenticity of the document.  *Minch v. City of Chi.,* 486 F.3d 294, 300 n. 3 (7th Cir. 2007).  That is the case here, so the Court will consider the Plan in ruling on the motion to dismiss.

1107 (Ill. App. Ct. 2004) (IWPCA enacted to "to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation, without retaliation from employers"). The statute further defines wages as "any compensation owed an employee by an employer *pursuant to an employment contract or agreement* between the 2 parties. . . ." 820 ILCS 115/2 (emphasis added). It is not necessary that the parties have a formally negotiated contract, as long as there is a manifestation of mutual assent to some kind of agreement. *Landers-Scelfo v. Corp. Office Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005); *see Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 659-60 (N.D. Ill. 2012) (noting distinction in Illinois law between contract and agreement).

A number of federal district courts have held that an employee handbook or other employment policies that expressly disclaims that the document is a binding contract indicates a lack of the mutual assent necessary to have an "agreement" for IWPCA purposes. *See, e.g., Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 WL 1499008, at *3 (N.D. Ill. Apr. 11, 2013).[2]

Other federal district courts and a number of Illinois courts disagree. These courts rely on the Illinois Director of Labor's administrative IWPCA enforcement rules, which state, in pertinent part:

> "Agreement" means the manifestation of mutual assent on the part of two or more persons. An agreement is broader than a contract and an exchange of promises or any exchange is not required for an agreement to be in effect. An agreement may be reached by the parties without the formalities and accompanying legal protections of a contract and may be manifested by words or by any other conduct, such as past practice. Company policies and policies in a handbook *create an agreement even when the handbook or policy contains a general disclaimer* such as a provision disclaiming the handbook from being an employment contract, a guarantee of employment or an enforceable contract. While a disclaimer may preclude a contract from being in effect, *it does not preclude an agreement* by two or more persons regarding terms set forth in the

---

[2] Honeywell misleadingly cites these federal court decisions as the position of "Illinois courts." *See* Mem. Supp. M. Dismiss at 6, 8 (Doc. 22).

handbook relating to compensation to which both have otherwise assented.
56 Ill. Admin. Code § 300.450 (emphasis added).

One such Illinois Appellate Court recognized "that a plaintiff must prove the existence of a valid and enforceable contract to recover under a *breach of contract* claim, but no such requirement exists to recover under the [IWPCA]." *Schultze v. ABN AMRO, Inc.*, 83 N.E.3d 1053, 1059 (Ill. App. Ct. 2017) (emphasis in original).  The *Schultze* court found that a bonus program—technically awarding "discretionary" bonuses—amounted to an agreement to award a bonus because of the employer's past practice of awarding bonuses.  *Id.* at 1060; *see Wharton*, 912 F. Supp. 2d at 660-61 (finding employee handbook that disclaimed contract status was still an agreement for purposes of the IWPCA).

In cases heard under its diversity jurisdiction, the Court gives Illinois Appellate Courts' decisions about Illinois law—like *Landers-Scelfo* and *Schultze*—great weight when there is no persuasive reason to believe the Illinois Supreme Court would decide otherwise.  *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002).  Honeywell has pointed to no Illinois Supreme Court decision persuading the Court it would disagree with the appellate decisions cited above.  The Court concludes, therefore, that mutual assent may serve as the basis for an IWPCA even where there is not a binding contract.

The Court now turns to Honeywell's Plan to see if benefits under the Plan could constitute "wages" under the IWCPA.

B.     Honeywell's STD Plan

The purpose of Honeywell's STD Plan is "to provide income protection to each Eligible Employee for the first 26 weeks of an Eligible Employee's Disability."  Plan ¶ 1.1 (Doc. 22-1 at 4).  It further provides that during those 26 weeks of disability, the employee is entitled to the

6

equivalent of 100% of their base pay.  Plan ¶ 5.1 (Doc. 22-1 at 12).  The type of disability potentially applicable to Patterson is when an employee "is prevented by . . . sickness . . . from performing the essential functions of his own occupation or any job the Employer offers him . . . for which he is reasonably qualified by reason of his education, training, or experience."  Plan ¶ 2.1(f) & (u) (Doc. 22-1 at 7).

The Plan provides that the determination of whether an employee is disabled is in the sole and full discretion of the Plan's claims administrator, CIGNA.  Plan ¶ 4.1 (Doc. 22-1 at 11).  The Plan entitles an eligible employee to benefits if CIGNA determines he or she has a disability; otherwise, it does not require payment of STD benefits.  *See* Plan ¶ 7.4(a)(2) (Doc. 22-1 at 20).  Finally, the Plan allows for a review of the Claims Administrator's decision regarding disability by the Plan Administrator, but states that the Plan Administrator's decision on review is final and nonappealable.  Plan ¶ 7.4(a)(2) (Doc. 22-1 at 20-21).  The Plan further states, "The Plan shall not be deemed to constitute a contract between an Eligible Employee and any Employer. . . ."  Plan ¶ 8.2 (Doc. 22-1 at 22).

      C.     <u>Application to Patterson</u>

The Court believes Honeywell's STD Plan could constitute an "agreement" for IWPCA purposes pursuant to which Honeywell could owe compensation to a Plan participant.  The Illinois Director of Labor takes a broad view of an "agreement" to pay wages as any meeting of the minds regardless of whether the meeting of the minds results in a formal contract.  *See* 56 Ill. Admin. Code § 300.450.  And notwithstanding some federal district court decisions, the Illinois Court of Appeals likewise finds evidence of a meeting of the minds even without all elements of a contract.  *See Schultze v. ABN AMRO, Inc.*, 83 N.E.3d 1053, 1059-61 (Ill. App. Ct. 2017); *Landers-Scelfo v. Corp. Office Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005).  In light of

these interpretations of the IWPCA, the Court is comfortable holding that Honeywell and STD Plan participants had an IWCPA-qualified "agreement" that if CIGNA determined that a Plan participant was disabled under the STD Plan (and met all other criteria)—or if the Plan Administrator reversed CIGNA's finding of no disability—Honeywell would unconditionally owe the participant STD benefits, at least while the Plan was in effect.

Patterson's case, however, does not fall within that potential set of claimants seeking "compensation owed . . . pursuant to an . . . agreement." 820 ILCS 115/2. The agreement represented in the Plan included the condition that CIGNA determine, in its sole discretion, whether a claimant was disabled. Patterson's and Honeywell's minds met on this condition just as with the other terms of the Plan. As contemplated in that agreement, CIGNA made a disability determination adverse to Patterson, and the Plan Administrator did not overturn it. The parties never had a meeting of the minds that SDT benefits would be paid under those circumstances. Thus, Patterson's claim to potential benefits never ripened into an actual obligation to pay STD benefits, at which point Patterson might have had an IWPCA claim.

Because Patterson pleads on the face of his complaint facts indisputably showing the conditions precedent to an award of benefits were not met, it is clear as a matter of law that he was not owed compensation by Honeywell under the Plan or, by extension, under the IWPCA. The Court must therefore dismiss Count I of his case for failure to state a claim.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Honeywell's motion for reconsideration (Doc. 30);

- **VACATES** the Court's October 28, 2020, order (Doc. 29);

- **REINSTATES** and **GRANTS** Honeywell's motion to dismiss Count I (Doc. 21);

- **DISMISSES** Count I **with prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Honeywell is terminated as a party to this case.

**IT IS SO ORDERED.**
**DATED:  March 9, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
