UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS PATTERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LIFE INSURANCE OF NORTH AMERICA d/b/a CIGNA Group Insurance, and HONEYWELL INTERNATIONAL INC.,<br><br>　　　　Defendants. | Case No. 20-cv-688-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Thomas Patterson's motion to reconsider (Doc. 36) the Court's March 9, 2021, order (Doc. 34) granting defendant Honeywell International, Inc.'s motion to dismiss Count I (Doc. 21). Count I attempted to plead a claim against Honeywell under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, for the failure to pay Patterson short term disability ("STD") benefits. The Court concluded that, under the facts pled in the Complaint, the parties had an agreement to pay STD benefits that could have given rise to an IWPCA claim but that Patterson had pled facts showing that he was not entitled to relief. Specifically, Patterson pled that the claims administrator, defendant Life Insurance Company of North America d/b/a CIGNA, had exercised its discretion to find Patterson was not disabled, and in the absence of a disability finding by CIGNA, Honeywell did not owe Patterson STD benefits as "earned wages" under the IWPCA. Patterson now asks the Court to reconsider that ruling.

As a preliminary matter, the Court will consider Patterson's motion under the same standard for reconsideration it articulated when considering Honeywell's motion for reconsideration earlier in this case:

> "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work

> a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as "where the court has made an error of apprehension (not of reasoning)."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990).

Order 2-3 (Doc. 34).

Patterson has not pointed to any extraordinary circumstances, clear error, or manifest injustice. Instead, he voices his continuing disagreement with the Court's reason for dismissing his IWCPA claim against Honeywell—that the STD benefits were not "wages earned."  820 ILCS 115/3.  The Court need not restate the reason for that conclusion, which was set forth in its March 9, 2021, order.

Patterson also adds a new argument that he could have and should have raised in his original response to Honeywell's motion to dismiss—that an Illinois Department of Insurance ("DOI") regulation renders unenforceable the delegation of discretion to CIGNA to interpret the STD Plan and to determine whether Patterson was disabled:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, *by a health carrier*, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion *to the health carrier* to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code. § 2001.3 (emphasis added).

This rule was designed to prevent a health insurance carrier from reserving sole discretion to interpret its own insurance policy, which, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, would result in a reviewing court's applying an arbitrary and capricious standard of review rather than a review for reasonableness.  *Novak v. Life Ins. Co. of N.*

*Am.*, 956 F. Supp. 2d 900, 905-06 (N.D. Ill. 2013) (citing 29 Ill. Reg. 10172 (July 15, 2005)).  Indeed, in the ERISA context, the Court in *Novak* held that an ERISA plan could not do an end run around this prohibition in Illinois law by making such a delegation in the ERISA plan instead of in the insurance policy itself.  *Id.* at 911.

Neither the DOI regulation nor *Novak* have any impact on this case.  First, *Novak* addressed a long-term disability insurance policy governed by ERISA, *id.* at 904, and Honeywell's STD Plan is not.  Second, 50 Ill. Admin. Code. § 2001.3 is part of the "Accident and Health Insurance" regulations promulgated by the DOI relating to individual and group insurance policies.  *See* 50 Ill. Admin. Code Subch. 7 Accident and Health Insurance, Part 2001 Subpart A Provisions Applicable to Individual and Group Policies.  Thus, it only applies to insurance carriers—by its own terms, only *health* carriers.  It is true that CIGNA may be considered a "health carrier" in other contexts.  However, there is no suggestion that Honeywell's STD Plan, a self-funded payroll practice, is or is connected to a "policy, contract, certificate, endorsement, rider application or agreement offered or issued . . . by a health carrier," 50 Ill. Admin. Code. § 2001.3, or that any insurance arrangement is involved in this dispute at all.  Thus, Patterson misses the mark.  He certainly reveals no clear error in the Court's March 9, 2021, order, which was issued without consideration of this new argument, or any other extraordinary circumstance warranting reconsideration of that order.

Patterson also argues the Court's dismissal of his IWPCA claim with prejudice works a manifest injustice because he is deprived of a remedy if STD benefits were wrongfully denied.  Patterson had, and may continue to have, other avenues for relief.  He could have challenged CIGNA's decision that he was not disabled by seeking review by Honeywell, the STD Plan administrator, pursuant to the STD Plan, *see* STD Plan § 7.4(a)(2) (Doc. 21-1 at 20-21), but he did not.  Other cases regarding payroll practice benefits claims suggest using other state law claims against a plan administrator like breach of contract, negligence, intentional interference with business relationship, or

unfair trade practices.  *See, e.g., McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 31 (1st Cir. 1998); *Foster v. Sedgwick Claims Mgmt. Servs., Inc.*, 125 F. Supp. 3d 200, 206, (D.D.C. 2015).

Indeed, Patterson himself states in his motion for reconsideration, "[T]here are several other avenues for redress available for the wrongful denial of benefits under the STD Plan," Pl's Mem. Supp. Mot. Reconsid. 7 (Doc. 37) and urges the Court to remand this properly removed case—without suggesting any legitimate basis to do so—so he can file an amended complaint in state court.  The Court does not believe its dismissal with prejudice of Patterson's IWPCA claim necessarily forecloses other causes of action under other legal theories for the amounts he claims should be paid to him.  It further reminds Patterson that he could have sought, and he still may be able to seek, leave to amend his complaint *in this forum* within the bounds of Federal Rule of Civil Procedure 15 and the scheduling and discovery order in this case.

In sum, Patterson has not pointed to any extraordinary circumstances, clear error, or other manifest injustice that warrants reconsideration of the Court's March 9, 2021, order.  If he disagrees with the Court's decision, he may file a notice of appeal after entry of final judgment.  In the meantime, the Court **DENIES** his motion for reconsideration (Doc. 36).  No hearing on this motion is necessary, so the Court **DENIES** that motion as well (Doc. 38).

**IT IS SO ORDERED.**
**DATED:  June 16, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
